IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| E TRUCKING AND SERVICES, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 1:23cv0932 (MSN/JFA) ) |
| ACCESS DEMOLITION CONTRACTING, INC., | ) ) ) ) |
| Defendant. | ) ) |

**PROPOSED FINDINGS OF FACT AND RECOMMENDATIONS**

This matter is before the court on plaintiff E Trucking and Services, Inc.'s ("E Trucking" or "plaintiff") motion for default judgment against defendant Access Demolition Contracting, Inc. ("Access" or "defendant"). (Docket no. 11). Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned magistrate judge is filing with the court his proposed findings of fact and recommendations, a copy of which will be provided to all interested parties.

**Procedural Background**

On July 17, 2023, plaintiff filed a complaint against defendant alleging breach of contract. (Docket no. 1). A summons was issued for service on defendant on July 24, 2023. (Docket no. 5). On that same day plaintiff filed a citizenship and financial disclosure form in accordance with Local Rule 7.1 (Docket nos. 3–4). The summons was served on defendant on July 25, 2023. (Docket no. 6). Defendant has not filed a responsive pleading and the time for doing so has expired.

On August 18, 2023, plaintiff requested entry of default as to defendant. (Docket no. 7). On August 23, 2023, the Clerk of the Court entered default as to defendant. (Docket. no 8). On

1

September 5, 2023, the court ordered plaintiff to file a notice of hearing on the motion for default judgment, a certificate of service indicating the date and manner of all pleadings; and that plaintiff provide required *Roseboro* notice and deliver a paper copy of the motion for default judgment and all associated pleadings to the Clerk's Office to the attention of the undersigned. (Docket no. 10). On September 8, 2023, plaintiff filed motion for default judgment with the required *Roseboro* notice. (Docket no. 11). On that same day plaintiff filed a notice of hearing for October 13, 2023. (Docket no. 12). On October 13, 2023, plaintiff's counsel appeared at the hearing and no one appeared on behalf of defendant.

## Factual Background

The following facts are established by the complaint. (Docket no. 1). Defendant entered a contract with plaintiff, a Virginia stock corporation that provides trucking and hauling services in Virginia. (Compl. ¶¶ 1,7). Plaintiff has a fleet of commercial dump trucks and drivers available for rental by the load. (Compl. ¶ 7). In November 2022, defendant approached plaintiff to inquire about renting its services to take loads of materials from its project site in Reston, Virginia to a dump site in Sterling, Virginia. (Compl. ¶ 8–9). On November 22, 2022, defendant agreed to use the dump trucks and drivers at plaintiff's rate of $270.00 per load. (Compl. ¶ 10–12). From November 28, 2022 through February 3, 2023, defendant used plaintiff's dump trucks and drivers. (Compl. ¶ 13). Each time defendant used plaintiff's services, plaintiff issued a ticket that reflected the specifics of the service including date, location, number of loads, and the terms and conditions applicable to renting the dump trucks and driving services. (Compl. ¶ 14–15). A duly authorized agent of defendant signed each ticket given by plaintiff. (Compl. ¶ 15). In addition to the agreed upon rate, the tickets included a paragraph requiring defendant to pay a service charge of one and one half percent (1½%) per

2

month (eighteen percent per annum) on past due amounts and fifteen percent (15%) attorney's fees of past due amounts if referred for collection. (Compl. ¶ 17). Plaintiff invoiced defendant for the services—defendant accepted each one and made partial payment as to one of them—but has refused to pay the remaining balances on any of the invoices. (Compl. ¶ 18–22). Pursuant to the terms of each invoice, they were to be paid fifteen days from the date of delivery of the invoice. (Compl. ¶ 23). Plaintiff has demanded payment, but defendant has refused to pay the amounts due to plaintiff for the services rendered. (Compl. ¶ 24). Currently, defendant owes plaintiff $249,890.59. (Compl. ¶ 36).

## Proposed Findings and Recommendations

Rule 55 of the Federal Rules of Civil Procedure provides for the entry of a default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Based on defendant's failure to file a responsive pleading in a timely manner, the Clerk of Court has entered a default as to defendant. (Docket no. 8).

A defendant in default admits the factual allegations in the complaint. *See* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied."); *see also GlobalSantaFe Corp. v. Globalsantafe.com*, 250 F. Supp. 2d 610, 613 n.3 (E.D. Va. 2003) ("Upon default, facts alleged in the complaint are deemed admitted and the appropriate inquiry is whether the facts as alleged state a claim."). Rule 55(b)(2) of the Federal Rules of Civil Procedure provides that a court may conduct a hearing to determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter.

## Jurisdiction and Venue

A court must have both subject matter and personal jurisdiction over a defaulting party before it can render a default judgment. Plaintiff alleges that this matter is properly before this court pursuant to 28 U.S.C. §§ 1332 based on complete diversity of citizenship and an appropriate amount in controversy. (Compl. ¶ 3).

Plaintiff E Trucking and Services, Inc., is a Virginia corporation with its principal place of business in Virginia. (Compl. ¶ 4). Defendant Access Demolition Contracting, Inc., is a Maryland corporation with its principal place of business in Maryland. (Compl. ¶ 5). Plaintiff's complaint seeks judgment in excess of $75,000.00. (Compl. ¶¶ 3, 36). Given that these allegations are uncontested, this court has jurisdiction pursuant to 28 U.S.C. § 1332.

The court also has personal jurisdiction over defendant. The contract was to be performed and executed in Virginia, the location of the plaintiff's truck rental service and defendant's project site that gives rise to this suit was in Virginia, and all of the facts and circumstances giving rise to the breach of contract claim occurred in Virginia. (Compl. ¶¶ 1, 4, 6, 8–9, 13, 26). Venue is proper in this court pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to plaintiff's claims against defendant occurred in the Eastern District of Virginia. (Compl. ¶ 6).

For these reasons, the undersigned magistrate judge recommends a finding that this court has subject matter jurisdiction over this action, that this court has personal jurisdiction over defendant, and that venue is proper in this court.

## Service

Pursuant to Federal Rule of Civil Procedure 4(h), a corporation, partnership, or other unincorporated association may be served in a judicial district of the United States (1) in the

4

manner prescribed in Rule 4(e)(1) for serving an individual, or (2) by delivering a copy of the summons and complaint to an officer, manager, or general agent, or any other agent authorized by law to receive service of process.

On July 24, 2023, a summons was issued to defendant Access Demolition Contracting. (Docket no. 5). On July 25, 2023, Jose Carillo, a private process server, delivered the summons and complaint on Rene Nordquist, who is designated by law to receive service on behalf of Access Demolition Contracting, Inc. (Docket no. 6). Based on the foregoing, the undersigned magistrate judge recommends a finding that service of process has been accomplished in this action.

## Grounds for Default Judgment

In accordance with Federal Rule of Civil Procedure 12(a), defendant was required to file a responsive pleading by August 15, 2023, twenty-one (21) days after defendant was served with a copy of the summons and complaint. No responsive pleading has been filed by defendant and the time for doing so has expired. On August 18, 2023, plaintiff filed a request for entry of default against defendant pursuant to Federal Rule of Civil Procedure 55(a). (Docket no. 7). The certificate of service accompanying the filing indicates that plaintiff's counsel sent a copy to defendant's registered agent. (*Id.*). The Clerk of Court entered a default against defendant on August 23, 2023. (Docket no. 8).

On September 1, 2023, plaintiff filed a motion for default judgment. (Docket no. 9). On September 5, 2023, the court ordered plaintiff to properly set a hearing and provide notice to defendant. (Docket no. 10). Additionally, the court ordered that plaintiff file a certificate of service indicating that all related pleadings were sent to defendant. (*Id.*). On September 8, 2023, plaintiff properly filed a motion for default judgment and notice setting the motion for a hearing

on October 13, 2023 (Docket no. 11). The certificates of service accompanying the motion and notice indicate that plaintiff's counsel sent a copy of the motion and notice to defendant and defendant's registered agent. (Docket nos. 11–12). For the reasons stated above, the undersigned magistrate judge recommends a finding that the Clerk of Court properly entered a default as to defendant and that defendant has notice of these proceedings.

## Liability

According to Federal Rule of Civil Procedure 54(c), a default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Given that a default has been entered, the factual allegations in the complaint are deemed admitted. *See* Fed. R. Civ. P. (8)(b)(6).

## Breach of Contract (Count I)

Count I of plaintiff's complaint states a breach of contract claim as to defendant's failure to perform its obligations under the contract by failing and refusing to pay the amounts due and owed to plaintiff for rental fees and services. (Compl. ¶ 24, 30). According to Virginia choice of law rules, "the law of the place of performance governs questions arising in connection with performance of the contract." *Equitable Trust Co. v. Bratwursthaus Mgmt. Corp.*, 514 F.2d 565, 567 (4th Cir. 1975) (citing *Arkla Lumber & Mfg. Co. v. West Virginia Timber Co.*, 132 S.E. 840, 842 (Va. 1926)). Although the contract does not specify a place of payment, the contract was to be performed and executed in Virginia and all the work was done between the Access Demolition project site and dump site in Virginia. (Compl. ¶¶ 6, 8, 26). Accordingly, Virginia law applies to the claim for breach of contract.

To establish a breach of contract claim under Virginia law, the required elements are: "(1) a legally enforceable obligation of a defendant to a plaintiff; (2) the defendant's violation or

breach of that obligation; and (3) injury or damage to the plaintiff caused by the breach of obligation." *Sunrise Continuing Care, LLC v. Wright*, 671 S.E.2d 132, 135 (Va. 2009) (quoting *Filak v. George*, 594 S.E.2d 610, 614 (Va. 2004)).

On or about November 22, 2022, defendant agreed to pay $270.00 per load to use plaintiff's dump trucks and driving services. (Compl. ¶¶ 10, 11). After each use plaintiff gave defendant a ticket recounting the job location, number of loads the dump truck was used for that day, and the terms and conditions applicable to the rental of the dump truck and driving services. (Compl. ¶ 14). A duly authorized agent of defendant always signed the ticket. (Compl. ¶ 15). As part of that ticket, defendant further agreed to pay a service charge of one and one half percent (1½%) per month on past due accounts and fifteen percent (15%) attorney's fees if referred for collection. (Compl. ¶ 17). Therefore, defendant had a legally enforceable obligation to pay plaintiff for services rendered. (Compl. ¶ 14). Defendant utilized plaintiff's services for three months and then failed to pay for all services rendered. (Compl. ¶ 24). Defendant breached its legally enforceable obligation to pay. As a result of defendant's breach, plaintiff was clearly damaged because it did not receive payment. Therefore, the undersigned recommends a finding that plaintiff has established that defendant breached the terms of the contract between the parties.

## Relief

Plaintiff's complaint seeks (1) money damages in the amount of $205,150; (2) service charges in the amount of $12,146.17 as of the filing of the complaint; (3) interest of any judgment at the rate of one and a half percent (1½%) per month from the date of the filing of its Complaint; (4) fifteen percent (15%) of the amount due under the contract as its attorney's fees or the amount of at least $32,594.42; and (5) such other relief as is just and appropriate. (Compl.

7

at 5). Plaintiff's motion for default judgment seeks entry of default judgment in the amount of $250,491.59, which includes pre-judgment interest, attorneys' fees, and costs, against defendant. (Docket no. 11 at 2).

**Monetary Damages**

Defendant agreed to use plaintiff's services at a rate of $270 per load. (Compl. ¶ 10–12, 18–19, 26). Defendant used plaintiff's services from November 28, 2022 through February 3, 2023. (Compl. ¶ 13). The agreed upon price is reflected in the invoices that plaintiff sent defendant. (Compl. ex. B). After accepting all the invoices defendant failed to pay a vast majority of the remaining balance and, by doing so defendant breached the contract.[1] (Compl. ¶ 24). The complaint, the motion for default judgment, the affidavit of the President of E Trucking, and the invoice records therefore establish that plaintiff is entitled to judgment in the principal amount of $205,150.00.

Further, concerning the service charge, plaintiff gave defendant tickets[2] after each use indicating the location, number of loads, date of use, and terms. (Compl. ¶ 14, ex. A). Paragraph three of the tickets that defendant signed[3] after each use set out the terms of the service charges. (Compl. ¶ 17, ex. A). Pursuant to paragraph three the leasee "agrees to pay a service charge of

---

[1] Defendant accepted all invoices and made a partial payment as to one of them but failed to pay any balance of the remaining five. (Compl. ¶ 20–22, ex. B). Defendant paid a total of $37,850.00 on an invoice for $64,530.00.

[2] Plaintiff included 101 of these tickets in exhibit A of his complaint, 14 of which indicated that the price per load was $90. However, the price reflected on the invoices show a rate of $270.00 per load. (*See* Compl. ex. A at 4, 5, 11, 20, 21, 34, 35, 38, 77, 78, 92, 93, 98, 99; *but see* Compl. ex B). Plaintiff's counsel explained during the hearing that the $90.00 referenced in those tickets was the amount plaintiff was to pay its driver per load and not the amount defendant was to pay plaintiff.

[3] "A duly authorized agent of defendant signed each ticket." (Compl. ¶ 15). *See Acordia of Virginia Ins. Agency, Inc. v. Genito Glenn, L.P.*, 560 S.E.2d 246, 250 (Va. 2002) ("An agent commonly represents the principal in the creation and performance of contracts with third parties.").

8

one and one half percent (1½%) per month (18% annum) on past due accounts… if referred for collection." (Compl. ¶ 17, 32, ex. A). Defendant has six outstanding invoices each of which are past due accounts.[4] Pursuant to the terms of each invoice, they were to be paid fifteen days from the date of delivery of the invoice. (Compl. ¶ 23). Plaintiff requests these service charges up to the date of June 2, 2023, which amounts to the total cost of $12,146.17.[5] (Docket no. 11 at ex. B). Therefore, the undersigned magistrate judge recommends entry of an order entitling plaintiff to recover money damages in the amount of $205,150.00 for the principal amount due and $12,146.17 for service charges for a total of $217,296.17.

**Pre-judgment Interest**

The state law applicable to the breach of contract claim governs the award of prejudgment interest. *See Hitachi Credit Am. Corp. v. Signet Bank*, 166 F.3d 614, 644 (4th Cir. 1999). According to Virginia Law "[t]he judgment rate of interest… in an action arising from a contract shall carry interest at the rate lawfully charged on such contract…" Va. Code § 6.2-302(A). Plaintiff asks in its prayer for relief for "interest on any judgment at the rate of one and a half percent (1.5%) per month from the date of the filing of this Complaint." (Compl. at 5). In coming to this number, plaintiff uses the agreed upon service charge price for past due accounts located on the tickets. Therefore, the tickets fix an interest rate that the court can apply for pre-judgment interest. Since the date of filing this complaint eighty-eight (88) days, just under three months, have passed before the date of this report and recommendation, resulting in accrual of

---

[4] The six invoices listed each include the days overdue, months overdue, the service charge per month, and the service charge owed. From the time between January 16, 2023 to June 2, 2023, defendant owed $12,146.17 in service charges.

[5] Four of the six numerical figures (invoices ending in 220, 247, 274, and 288) in "service charges owed" listed a one-to-three dollar difference than the numerical amount reached in manually doing the math and multiplying the service charge per month rate by the number of months overdue.

pre-judgment interest in the amount of $8,893.26. As such, the undesigned recommends that plaintiff is entitled to pre-judgment interest at the rate of one and one half percent (1½%) per month since filing, in the total amount of $8,893.26.

**Attorneys' Fees and Costs**

As this case is a diversity action based on state contract law, provisions governing attorneys' fees and costs are to be interpreted using Virginia law. *See Western Insultation, LP v. Moore*, 362 F. App'x 375, 379 (4th Cir. 2010). Under the "American Rule," a prevailing party generally cannot recover attorneys' fees from the losing party. *Ulloa v. QSP, Inc.*, 624 S.E.2d 43, 49 (Va. 2006) (Citing *Lee v. Mulford*, 611 S.E.2d 349, 350 (2005). However, parties are free to draft and adopt contractual provisions shifting the responsibility for attorneys' fees to the losing party in a contractual dispute. *Id.* (Citing *Mullins v. Richlands National Bank*, 403 S.E.2d 334, 335 (1991). Here, defendant and plaintiff did so when agreeing to the terms of the tickets. Here, paragraph three states that plaintiff is entitled to "15% attorney's fees if referred for collection." (Compl. at ex. A). Defendant accepted the terms of the agreement. (Compl. ¶ 32). In certain circumstances courts will endeavor into whether attorney's fees are reasonable and necessary, however, "[c]ourts will not rewrite contracts; parties to a contract will be held to the terms upon which they agreed." *Dewberry v. Davis, Inc. v. C3NS, Inc.*, 732 S.E.2d 239, 244 (Va. 2012). As stated in paragraph three, plaintiff is entitled to fifteen (15) percent of the amount due under the contract as its attorney's fees or the amount of at least $32,594.42. (Compl. at 5). Based on this provision, attorney's fees are reasonable, and defendant has agreed to pay plaintiff's attorney's fees in this case.

Costs are noted by plaintiff as a filing fee and cost of process server. (Docket no. 11 at ex. B). Federal Rule of Civil Procedure 54(d)(1) provides that a prevailing party is entitled to an

award of costs incurred unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise. Here, no such impediment exists. The fee to file a complaint is $402.00 and the cost to hire a process server was $199.00. (Docket no. 11 at ex. B). Accordingly, the undersigned recommends an award of $601.00 in costs and having reviewed the complaint and tickets, the undersigned recommends entry of an order awarding the plaintiff $32,594.42 in attorney's fees.

## Conclusion

For these reasons, the undersigned recommends that default judgment be entered in favor of plaintiff E Trucking and Services, Inc. and against defendant Access Demolition Contracting, Inc. in the total amount of $259,384.85 ($205,150.00 in monetary damages + $12,146.17 in interest up to filing of complaint + $8,893.26 in pre-judgment interest since the date of filing to October 13, 2023 + attorney's fees of $32,594.42 and costs of $601.00).

## Notice

By means of the court's electronic filing system and by mailing a copy of this proposed findings of fact and recommendations to defendant Access Demolition, Inc., 3437 9th Street, Baltimore, Maryland 21225, and Corporation Service Company Registered Agent for Access Demolition contracting, Inc., 100 Shockoe Slip, Second Floor Richmond, Virginia 23219, the parties are notified that objections to this proposed findings of fact and recommendations must be filed within fourteen (14) days of service of this proposed findings of fact and recommendations, and a failure to file timely objections waives appellate review of the substance

of the proposed findings of fact and recommendations and waives appellate review of any judgment or decision based on this proposed findings of fact and recommendations.

Entered this 13th day of October, 2023.

                                                      /s/
                                         John F. Anderson
                                         United States Magistrate Judge

Alexandria, Virginia